CHIEF JUSTICE TURNAGE
dissenting:
¶40 I respectfully dissent from the Court’s conclusion that Lot 10 is not a farm.
¶41 The District Court found that the Richters had engaged a specialist to provide a timber management plan for Lot 10 and that they had commenced to harvest the timber crop, which they are not now *391 able to remove from the property without a useable right-of-way. The court’s finding is supported by substantial credible evidence.
¶42 Silviculture is “[t]he care and cultivation of forest trees.” American Heritage Dictionary 1682 (3d ed. 1992). I submit that property used for purposes of silviculture, or, in the common vernacular, as a “tree farm,” may be considered a “farm” within the plain meaning of that word. When, as here, designation as a “farm” determines whether property owners have a right to access their property or do not have that right, I would construe “farm” generously. I would uphold the conclusion of the District Court that Lot 10 is a farm under § 70-30-102(6), MCA, for purposes of exercising the right of eminent domain.